# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANANDAVALLY S. PILLAI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 C 8376 |
| ) | |
| NATIONSTAR MORTGAGE, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Nationstar Mortgage LLC ("Nationstar") has filed its Answer to the Fair Credit Reporting Act ("Act") complaint brought against it by Anandavally Pillai ("Pillai"). As always, this Court leaves it to Nationstar's adversary to address the appropriateness or inappropriateness of any denials or any Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimers by Nationstar in the Answer. But one repeated -- and impermissible -- locution by Nationstar calls for this sua sponte memorandum order.

In that respect, beginning with Answer ¶ 43 and continuing through Answer ¶ 46, Nationstar challeges the corresponding allegations in Pillai's Complaint as "legal conclusions as to which no answer is required." That is simply wrong -- see App'x ¶ 2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). And having done so, Nationstar's counsel compounds that error by coupling that response (or rather nonresponse) with a Rule 8(b)(5) disclaimer. That too is wrong, at least as to Answer ¶¶ 44 through 46 -- Nationstar through its counsel can scarcely claim the absence of a belief as to the correctness of the allegations that it challenges there.

There is more. To turn to Nationstar's affirmative defenses ("ADs") that follow the Answer itself, several of them are clearly problematic. Here they are:

1. AD 1 violates the fundamental concept underlying Rule 8(c) and the case law construing it (and see also App'x ¶ 5 to State Farm), which requires a responding party to accept as gospel all well-pleaded allegations of a complaint. Nationstar's denials of a host of Pillai's allegations in the Answer have already put its compliance with the Act in issue, so that AD 1 is stricken.

2. AD 2 states the equivalent of a Rule 12(b)(6) motion, and it is really inappropriate to leave it there as sort of ticking time bomb to be raised later. If Nationstar really challenges Pillai's having stated a claim, the proper way and time to raise that issue is through a properly supported motion advanced up front. Hence AD 2 is also stricken.

3. ADs 3 through 5 simply parrot a number of entries in the Rule 8(c) laundry list without providing any explanation of the basis on which such generalized ADs are advanced. They too are stricken, this time without prejudice to the possibility of any of them being properly advanced in the same way as stated above as to Rule 12(b)(6). In that regard, Nationstar's failure to advance any such defense appropriately will constitute a forfeiture of that defense.

4. Pray tell, how does Nationstar know at this point that Pillai "has failed to mitigate her alleged damages" (AD 7)? And indeed, just how is someone

>    in Pillai's asserted situation in a position to do so? Absent an appropriate explanation, AD 7 is also stricken.
>
> 5. AD 8 is also at odds with the concept that Pillai's allegations in her Complaint are to be accepted as true for AD purposes. It too suffers the fate of being stricken.
>
> 6. Finally, AD 9 adds nothing to the dialogue -- of course any defendant is entitled to raise new issues as they may arise during the course of litigation (so there really is no need to reserve that right). So AD 9 also beats the dust.

To the extent that Nationstar's counsel must go back to the drawing board to deal with any of the matters raised here, its client should not be required to pay for any time and expense incurred by counsel in correcting counsel's errors. Counsel is required to apprise Nationstar to that effect, with a copy of its communication in that regard to be provided to this Court (purely for informational purposes, of course, not for filing).

_____
                         Milton I. Shadur
                         Senior United States District Judge

Date:  November 7, 2016